## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **CHRISTOPHER DAVIS,** ) | |
| Plaintiff, ) | |
| ) | **Civil No.:** |
| v. ) | |
| ) | **COMPLAINT AND JURY DEMAND** |
| **TRIUMPH MOTORCYCLES** ) | |
| **(AMERICA) LIMITED a/k/a TRIUMPH** ) | |
| **MOTORCYCLES AMERICA LIMITED** ) | |
| **& TRIUMPH MOTORCYCLES** ) | |
| **LIMITED a/k/a TRIUMPH** ) | |
| **MOTORCYCLES LTD** ) | |
| Defendants. | |

Plaintiff Christopher Davis, by and through the undersigned counsel, alleges as follows:

### JURISDICTION AND VENUE

1.      This is a civil action between citizens of different states, providing this Court jurisdiction over the action. 28 U.S.C. § 1332(a)(1).

2.      The amount in controversy far exceeds $75,000.00, providing this Court jurisdiction over the cause of action.

3.      A substantial part of the events giving rise to this action, including the significant harm to Plaintiff, took place in Swain County, North Carolina, within the area of the state covered by the United States District Court for the Western District of North Carolina.

4.      Venue is appropriate in Western District of North Carolina as a result. 28 U.S.C. § 1391(b)(2).

### PLAINTIFF

5.      Plaintiff Christopher Davis is a resident and citizen of Adel, Dallas County, IA.

### DEFENDANTS

6.      Defendant Triumph Motorcycles (America) Limited A/K/A Triumph Motorcycles America Limited (hereinafter "Triumph (America) Limited") is a Georgia corporation with its principal place of business in Atlanta, GA.

7.      Defendant Triumph Motorcycles Limited A/K/A Triumph Motorcycles LTD (hereinafter "Triumph Motorcycles") is an English company with headquarters in Hinckley, Leicestershire, England and with manufacturing facilities in Thailand and Brazil.

1

8. Triumph Motorcycles manufactures motorcycles including the Triumph Speed Triple RS vehicle identification no. SMTP01ST9NTAG4877 (hereinafter "subject motorcycle").

9. Triumph Motorcycles places its motorcycles into the stream of commerce in the United States with the expectation that they will be purchased by consumers across the United States, including in the state of North Carolina.

10. Triumph Motorcycles places its motorcycles into the stream of commerce in the United States with the expectation that consumers will ride them in North Carolina.

11. Triumph Motorcycles purposely availed itself of the North Carolina market in its plan to sell motorcycles in the U.S.

12. Triumph (America) Limited is a distributor of Triumph Motorcycles in the U.S.

13. Triumph (America) Limited is registered to do business in the state of North Carolina.

14. Triumph (America) Limited sells Triumph motorcycles to at least three (3) Triumph motorcycle dealerships in North Carolina.

15. Defendant Triumph (America) Limited regularly conducted affairs and business activities in the State of North Carolina and at all times relevant to this Complaint Triumph (America) Limited's motorcycles were marketed, advertised, distributed, sold and/or consumed across North Carolina.

16. Upon information and belief, Triumph Motorcycles and Triumph (America) Limited are owned by the same person.

**FACTUAL BACKGROUND**

17. Plaintiff incorporates all previous paragraphs by reference.

18. Plaintiff purchased a Triumph motorcycle – the subject motorcycle -- from Baxter Cycle Omaha, Inc. (hereinafter Baxter Cycle) on or about June 5, 2021.

19. Triumph Motorcycles manufactured the Triumph motorcycle.

20. Triumph Motorcycles sold the Triumph motorcycle to Triumph (America) Limited who sold the Triumph motorcycle to its authorized dealer Baxter Cycle Omaha, Inc.

21. On June 8, 2021, Plaintiff was riding the subject motorcycle in North Carolina on Old U.S. 129 near Robbinsville, N.C. when the subject motorcycle suddenly, unexpectedly and without warning malfunctioned as he was casually riding through a curve causing the motorcycle to unexpectedly tip in the opposite side he was leaning.

2

22.     Plaintiff was wearing a helmet at the time the subject motorcycle malfunctioned.

23.     Plaintiff was thrown to the ground by the malfunctioning subject motorcycle causing Plaintiff to suffer serve and disabling injuries including a permanent brain injury.

24.      After the malfunction both Triumph Motorcycles and Triumph (America) Limited were notified of the serious malfunction and the devastating injuries suffered by Plaintiff.

25.     The subject motorcycle was taken to Baxter Cycle where this authorized dealer has kept it quarantined since.

26.     Either Triumph Motorcycles and/or Triumph (America) Limited instructed the Triumph authorized dealer Baxter Cycle to quarantine the subject motorcycle.

27.     Either Triumph Motorcycles and/or Triumph (America) Limited instructed the Triumph authorized dealer Baxter Cycle to download the computer data on the subject motorcycle and provide it to one or both of them.

28.     The computer information from the subject motorcycle revealed, among other things, that the ABS safety feature on the motorcycle malfunctioned.

29.     On April 22, 2022, after Plaintiff reported the malfunction to the National Highway Traffic Safety Administration (NHTSA), Triumph (America) Limited informed Plaintiff that "Triumph Motorcycles LTD. has decided that a defect which relates to motor vehicle safety exists in your motorcycle, with the VIN shown above." The VIN shown on the letter was that of the subject motorcycle owned by Plaintiff which malfunctioned.

30.     The defect described in the letter was as follows: "A loosening rear brake rotor bolt may contact other componentry, preventing the rear wheel from rotating freely. This requires an immediate repair by your dealer. If unattended, this can increase the risk of a crash."

## COUNT I: NEGLIGENCE AGAINST DEFENDANT TRIUMPH MOTORCYCLES

31.     Plaintiff incorporates all previous paragraphs by reference.

32.     Defendant Triumph Motorcycles owed a duty to use reasonable care in designing, manufacturing, testing, supplying, marketing, selling, and/or distributing the subject motorcycle.

33.     Defendant Triumph Motorcycles was negligent in one or more of the following ways:

        a.     Designed, tested and/or failed to test, produced, manufactured, or caused to be manufactured, marketed, distributed, sold and/or placed into the stream

3

of commerce for sale to the general public the subject motorcycle in such a condition that it created an unreasonable risk of harm to consumers, specifically including Plaintiff, in that, among other things, it had a defective ABS safety feature that could suddenly and without warning malfunction;

b. Designed, tested and/or failed to test, produced, manufactured, or caused to be manufactured, marketed, distributed, sold and/or placed into the stream of commerce for sale to the general public the subject motorcycle in such a defective condition that it could not be used safely for its intended, expected, and foreseeable purpose; in that, among other things, it had a defective ABS safety feature that could suddenly and without warning malfunction;

c. Designed, tested and/or failed to test, produced, manufactured, or caused to be manufactured, marketed, distributed, sold and/or placed into the stream of commerce for sale to the general public the defective subject motorcycle for use by unsuspecting consumers, specifically including Plaintiff.

d. Failed to warn customers, specifically including Plaintiff, that its braking system could fail unexpectedly and thus rob the rider of the very safety features which it advertises for the Triumph motorcycle; and

e. In other ways to be determined through discovery.

34. At the time the subject motorcycle left the control of the manufacturer, the manufacturer unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design of the braking system and/or brake components that could then have been adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality or desirability of the product.

35. The actions or failures to act of Defendant Triumph Motorcycles, as alleged herein, occurred by and through their agents, principals, officers, employees, and/or representatives acting within the course and scope of their employment, actual agency, and/or apparent agency.

36. As a direct and proximate result of the negligence of Defendant Triumph Motorcycles, Plaintiff suffered physical, emotional, and psychological injuries including severe

4

pain, brain damage, significant distress, post-traumatic stress, loss of function of the mind and body, and loss of earnings and the capacity to earn.

37.     Plaintiff's injuries are permanent and disabling.

## COUNT II: NEGLIGENCE AGAINST DEFENDANT TRIUMPH MOTORCYCLES (AMERICA) LIMITED

38.     Plaintiff incorporates all previous paragraphs by reference.

39.     Defendant Triumph (America) Limited owed a duty to use reasonable care in importing, testing, supplying, marketing, selling, and/or distributing the subject motorcycle.

40.     Defendant Triumph (America) Limited was negligent in one or more of the following ways:

    a.    Tested and/or failed to test, marketed, distributed, sold and/or placed into the stream of commerce for sale to the general public the subject motorcycle in such a condition that it created an unreasonable risk of harm to consumers, specifically including Plaintiff, in that, among other things, it had a defective ABS safety feature that could suddenly and without warning malfunction;

    b.    Tested and/or failed to test, marketed, distributed, sold and/or placed into the stream of commerce for sale to the general public the subject motorcycle in such a defective condition that it could not be used safely for its intended, expected, and foreseeable purpose; in that, among other things, it had a defective ABS safety feature that could suddenly and without warning malfunction;

    c.    Tested and/or failed to test, marketed, distributed, sold and/or placed into the stream of commerce for sale to the general public the defective subject motorcycle for use by unsuspecting consumers, specifically including Plaintiff.

    d.    Failed to warn customers, specifically including Plaintiff, that its braking system could fail unexpectedly and rob the rider of the very safety features which it advertises for the Triumph motorcycle; and

    e.    In other ways to be determined through discovery.

41. Defendant Triumph (America) Limited is liable under North Carolina law for the negligence of Defendant Triumph Motorcycles in the event Defendant Triumph Motorcycles is not subject to the jurisdiction of this court.

42. The actions or failures to act of Defendant Triumph (America) Limited, as alleged herein, occurred by and through their agents, principals, officers, employees, and/or representatives acting within the course and scope of their employment, actual agency, and/or apparent agency.

43. As a direct and proximate result of the negligence of Defendant Triumph (America) Limited, Plaintiff suffered physical, emotional, and psychological injuries including severe pain, brain damage, significant distress, post-traumatic stress, loss of function of the mind and body, and loss of earnings and the capacity to earn.

44. Plaintiff's injuries are permanent and disabling.

## COUNT III: BREACH OF IMPLIED WARRANTY OF MERCHANTABLITY AGAINST DEFENDANTS TRIUMPH MOTORCYCLES AND TRIUMPH (AMERICA) LIMITED

45. Plaintiff incorporates all previous paragraphs by reference.

46. At all times relevant to this Complaint, Defendants Triumph Motorcycles and Triumph (America) Limited impliedly warranted and represented to consumers, including Plaintiff, that the subject motorcycle was reasonably fit and safe for its foreseeable and intended uses and that the subject motorcycle was of merchantable quality and reasonably safe for its expected and intended use.

47. Plaintiff relied upon the skill, judgment, and implied warranties of Defendant Triumph Motorcycles and Triumph (America) Limited when he purchased and utilized the subject motorcycle.

48. The subject motorcycle was not of merchantable quality, but was instead defective in design, production, manufacture, and/or designated use and was unreasonably dangerous and not fit for its foreseeable, intended and anticipated uses, in that the subject motorcycle posed a threat to the health and safety of its consumers, specifically including Plaintiff, in that, among other things, it had a defective ABS safety feature that could suddenly and without warning malfunction causing the subject motorcycle to cease to operate safely.

6

49.     The subject motorcycle was dangerously defective and such defects breached the implied warranties given by Defendants Triumph Motorcycles and Triumph (America) Limited to the actual, potential, and/or foreseeable consumers and users of the subject motorcycle, specifically including Plaintiff, said breach including a breach of the implied warranty of merchantability.

50.     As a direct and proximate result of this breach of the implied warranty of merchantability by Defendants Triumph Motorcycles and Triumph (America) Limited, Plaintiff suffered physical, emotional, and psychological injuries including severe pain, brain damage, significant distress, post-traumatic stress, loss of function of the mind and body, and loss of earnings and the capacity to earn.

51.     Plaintiff's injuries are permanent and disabling.

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL ISSUES OF FACT SO TRIABLE.**

WHEREFORE, Plaintiff prays that he have and recover from Defendants Triumph Motorcycles and Triumph (America) Limited, jointly and severally, as follows:

1.      Actual damages in an amount to be determined by a jury;

2.      The costs of this action;

3.      Interest as allowed by law; and

4.      Any other relief which the Court deems equitable and proper.

This the 7th day of June, 2024.

**LANIER LAW GROUP, P.A.**

*/s/ Robert Jenkins*

_____
Robert O. Jenkins
N.C. State Bar No. 19102
6518 Airport Center Drive
Greensboro, NC 27409
Tel:    919-314-3356
rjenkins@lanierlawgroup.com
service@lanierlawgroup.com

*Attorneys for Plaintiff*

7